1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

12

13

14

15

16

17

18

DANNETTE BROWN,                                )   No. ED CV 05-1126-PLA
                                               )
                       Plaintiff,              )
                                               )
             v.                                )   **ORDER GRANTING IN PART MOTION FOR**
                                               )   **ATTORNEY FEES**
MICHAEL J. ASTRUE,                             )
COMMISSIONER OF SOCIAL                         )
SECURITY ADMINISTRATION,                       )
                                               )
                       Defendant.              )
                                               )
_____)

19

**INTRODUCTION**

20

On October 12, 2007, plaintiff's counsel, Bill LaTour ("counsel"), filed a Motion for Attorney

21

Fees Pursuant to 42 U.S.C. § 406(b),[1] seeking the gross amount of $ 21,054.38 for representing

22

plaintiff in an action to obtain social security benefits.  Counsel indicates that he performed 7.75

23

hours of attorney services, and that an additional 17.27 hours of paralegal time was spent, in

24

representing plaintiff before the district court.[2]  Counsel seeks this compensation pursuant to a

25

26

27

28

[1]   Unless otherwise indicated, all statutory references are to Title 42 of the United States Code.

[2]   Counsel does not calculate the effective hourly attorney or paralegal rates that would result if he were awarded the full amount sought.

contingent fee agreement that allows him to receive up to 25% of past-due benefits.  The total benefits awarded to plaintiff were $84,217.50, and the gross amount sought is 25% of that award. Defendant filed a Response, in which it takes no position as to whether the fees requested in the Motion are reasonable.  Counsel did not file a Reply to the Response.  Plaintiff was served with the Motion.  She did not file an opposition.

The Court has taken counsel's Motion under submission without oral argument.  For the reasons stated below, the Court grants the Motion in part.

## PRIOR PROCEEDINGS

Counsel represented plaintiff in this action since July 30, 2001. Pursuant to the parties' stipulation for voluntary remand, judgment was entered remanding the case to defendant for further proceedings. (See Judgment, entered August 11, 2006).  On remand, plaintiff was found disabled and was awarded $84,217.50 in retroactive benefits.  Counsel seeks a total fee award for work performed before this Court in the sum of $21,054.38, i.e., 25% of plaintiff's retroactive benefits.  Counsel already has been awarded attorney fees of $3,100 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  The EAJA award offsets any attorney's fee award payable from plaintiff's past-due benefits, up to the full amount of the EAJA award.  Fees of $5,300 were also already awarded to counsel pursuant to 42 U.S.C. § 406(a).  Accordingly, the net amount of attorney fees counsel now seeks payable from plaintiff's benefits is $12,654.38. See Motion at 9; Declaration of Bill LaTour.

## ATTORNEY'S FEES UNDER THE SOCIAL SECURITY ACT

Section 406(b) provides, in part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

1   42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable

2   only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due

3   benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002).

4       In Gisbrecht, the Supreme Court explained that where the plaintiff has entered into a

5   contingent fee agreement with counsel, § 406(b) is meant "to control, not to displace, fee

6   agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. The

7   Court held that where the claimant and counsel had entered into a lawful contingent fee

8   agreement, courts that used the "lodestar" method as the starting point to determine the

9   reasonableness of fees requested under section 406(b) improperly "reject[ed] the primacy of

10  lawful attorney-client fee agreements."[3]   Id.   While courts review fee agreements as an

11  "independent check, to assure that they yield reasonable results in particular cases," lawful

12  contingent-fee agreements are "the primary means by which fees are set" for the successful

13  representation of social security disability claimants in court. Id. at 807.  However, a "court may

14  exercise its discretion to reduce an attorney's contractual recovery based on the character of the

15  representation and the result achieved. . . . In addition, '[i]f the benefits are large in comparison

16  to the amount of time counsel spent on the case, a downward adjustment is similarly in order.'"

17  Hearn v. Barnhart, 262 F.Supp.2d 1033, 1036 (N.D. Cal. 2003), quoting Gisbrecht, 122 S.Ct. at

18  1828.

19

20  [3]   Under the "lodestar" method, attorney fees are calculated by multiplying the number of

21  hours reasonably expended in representing a client by a reasonable hourly fee. See Gisbrecht,
    535 U.S. at 797-98 (discussing application of the "lodestar" method in the Ninth Circuit). The

22  "lodestar" may be adjusted upward or downward to account for a variety of factors. See
    Gisbrecht, 535 U.S. at 798 (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir.

23  1975), cert. denied, 425 U.S. 951 (1976)).  Courts in this and other circuits look to the following
    factors to determine whether the lodestar should be adjusted: (1) the time and labor required; (2)

24  the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal
    service properly; (4) the preclusion of other employment by the attorney due to acceptance of the

25  case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed
    by the client or the circumstances; (8) the amount involved and the results obtained; (9) the

26  experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the

27  nature and length of the professional relationship with the client; and (12) awards in similar cases.
    Allen v. Shalala, 48 F.3d 456, 458 n. 3 (9th Cir. 1995) (citing Kerr, 526 F.2d at 70), abrogated by

28  Gisbrecht, 535 U.S. 789.

1    The Court has conducted an independent check as to the reasonableness of the fee

2    sought here.  Plaintiff retained counsel to represent her in federal court in her social security

3    disability case, and agreed to pay counsel a contingent fee in an amount equal to 25% of any

4    past-due benefits award obtained. Under Gisbrecht, the Court examines a lawful contingent fee

5    agreement only to assure that the enforcement of that agreement is not unreasonable. The Court

6    may consider factors such as the character of the representation, the results achieved, the ratio

7    between the amount of any benefits awarded and the time expended, and any undue delay

8    attributable to counsel that caused an accumulation of back benefits. Gisbrecht, 535 U.S. at 808.

9    Consideration of these factors warrants a reduction of the fee sought by counsel. On the

10   one hand, the Court acknowledges that counsel obtained a very favorable outcome for his client,

11   resulting in a remand for further proceedings and ultimately in the payment of past-due benefits

12   and ongoing disability benefits.  The record discloses no issue regarding the quality or efficiency

13   of counsel's representation before this Court, or any misconduct or delay by counsel.  The time

14   expended was reasonable to litigate the case to the point where the stipulation to remand for

15   further proceedings was entered into by defendant, and the time spent on this matter is well within

16   the norm -- and in fact is well below the norm -- for social security disability cases (see, e.g.,

17   Patterson v. Apfel, 99 F.Supp.2d 1212, 1214 & n. 2 (C.D. Cal. 2000) (noting that "a survey of

18   several dozen cases in which attorney's fees were awarded in social security cases suggests that

19   the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting

20   cases)).

21   On the other hand, the reasonableness of the requested fee is appropriately "checked" with

22   reference to a lodestar figure. See Gisbrecht, 535 U.S. at 808 (noting that record of hours spent

23   and normal hourly billing charge may aid in court's assessment of reasonableness of fee request).

24   Counsel has not suggested an effective hourly rate for attorney time or for paralegal time in the

25   Motion. Defendant calculated two scenarios, one of which works out to the equivalent hourly rates

26   of $630.18 for attorney time and $629.48 for paralegal time, and the other works out to $1,698.57

27   for attorney time and $150 for paralegal time. See Response, at 7-8. The Court finds the second

28   scenario to be a more appropriate assessment of the break-down in rates (in light of the

4

1  unjustified similarity between attorney and paralegal hourly rates in the first scenario), but will

2  apply a more generous, yet reasonable, effective hourly paralegal rate of $200 per hour, for a total

3  in paralegal fees of $3,454 (i.e., $200 x 17.27).   As such, the effective attorney hourly rate

4  amounts to $1,587.14 (i.e., $15,754.38 [after § 406(a) award] - $3,454 = $12,300.38;

5  $12,300.38/7.75 = $1,587.14).  The Court finds, however, that this rate is not reasonable.  Most

6  post-Gisbrecht decisions have approved contingent fee agreements yielding hourly rates far lower

7  than those sought here.  See Dodson v. Commissioner of Social Security, 2002 WL 31927589,

8  *2 (W.D. Va. Oct. 22, 2002) (rejecting Commissioner's argument that a contingent fee of $5,000

9  for 7.2 hours of work, or $694.44 per hour, is per se unreasonable "because it fails to account for

10  the nature of a contingent-fee agreement"); Hussar-Nelson v. Barnhart, 2002 WL 31664488, *3

11  (N.D. Ill. Nov. 22, 2002) (rejecting the argument that an hourly rate of $393.00 for 53.9 hours of

12  work represented a windfall, and collecting pre-Gisbrecht cases awarding contingent fees that

13  translated into hourly rates ranging from $380 to $605); Coppett v. Barnhart, 242 F.Supp.2d 1380,

14  1384 (S.D. Ga. 2002) (approving a contingent fee that translated into an hourly rate of $350.49

15  for 18.70 hours of court representation where there was no evidence of impropriety in making the

16  fee contract and to account for the risk of nonpayment, and collecting pre-Gisbrecht cases that

17  awarded contingent fees amounting to $438 and $380 per hour); Martin v. Barnhart, 225

18  F.Supp.2d 704 (W.D. Va. 2002) (awarding $10,189.50 for 16.82 hours of court-related work,

19  which represented over $605 per hour); Hearn, 262 F.Supp.2d 1033 (finding de facto rate of $450

20  per hour to be reasonable, despite it being three times the amount of the EAJA hourly rate).  A

21  handful of cases have awarded larger amounts (see, e.g., Droke v. Barnhart, 2005 WL 2174397

22  (W.D.Tenn. Sept. 6, 2005) ($830.82 per hour not unreasonable for 17.9 hours of work); Claypool

23  v. Barnhart, 294 F.Supp.2d 829 (S.D.W.Va. 2003) (court awarded fee amounting to $1,433.12 per

24  hour, which represented far less than 25% of the total award of past due benefits, and where

25  plaintiff specifically consented to the award); Brown v. Barnhart, 270 F.Supp.2d 769 (W.D.Va.

26  2003) (fee equivalent to $977.20 per hour awarded, after district court rejected a larger amount)).

27          Nothing in the record before the Court suggests that there was any overreaching in the

28  making of the fee agreement or any impropriety on the part of counsel in his representation of

5

plaintiff before this Court. Counsel assumed the risk of nonpayment inherent in a contingency agreement, the agreed-upon contingent fee does not exceed the 25% statutory cap, counsel has achieved a level of expertise in these cases unmatched by many other practitioners in this district, and his efforts ultimately proved quite successful for plaintiff. However, the Court has been presented with no information suggesting that this case involved any extraordinary issues or original legal briefing; it does not appear that counsel had to decline representing other individuals to pursue this case; although plaintiff did not file an opposition to this Motion, she also apparently did not specifically consent to the award; and the requested award represents an hourly amount well beyond even the very highest end of awards discovered by the Court or related by counsel. Based on existing authority, the fee requested is so inordinately large in comparison with the number of hours spent by counsel on the case that it would represent a windfall to counsel. Accordingly, the Court finds that the contingent fee requested by counsel in this case is unreasonable, and reduces it to the equivalent of $1,300 per hour for attorney time, and $200 per hour for paralegal time.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that: (1) counsel's Motion for Attorney Fees is **granted in part**; (2) the Commissioner pay plaintiff's counsel the sum of thirteen thousand five hundred twenty-nine dollars ($13,529) from the amount withheld from plaintiff's past-due benefits; and (3) plaintiff's counsel is directed to reimburse plaintiff in the sum of $3,100, the amount already paid by defendant in EAJA fees.

DATED: January __11__, 2008

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

6